The clerk of the Superior Court died in the vacation, leaving no deputy, and there was no person to receive the appeal from the time it was made until the first day of the Superior Court.
I do not think that the appeal ought to be sustained in this case. If the appellant was without remedy, that might make a difference, perhaps. But he is not; for it has been usual to grant a writ of certiorari in such a case, and, indeed, in all others where the appellant has been prevented from filing the record by accident and without his own laches. This is, therefore, rather a question of practice than of property; and it is almost of as much consequence that the rules of practice should be certain as that they should be right. The act of Assembly is positive upon this subject; and since Robertson v. Stone, 2 N.C. 402, the courts have always refused to relax the rule of law, without any regard to the causes of failure of the appellant. Those decisions appear to me to be very proper, independent of the statute; for although the appellant may have a very good excuse for not filing his appeal, and ought, therefore, not to be precluded from a new trial, yet the appellee, *Page 422 
who knows that the cause is at an end by positive law unless the record is removed to the Superior Court in due time, is no longer bound to look after the case or prepare for trial after the first failure of the appellant.
If the suit is afterwards suffered to go on, he ought to have notice (585) of it, this he gets when a certiorari is granted. But, otherwise, he has no notice.
The rest of the Court concurred.
NOTE. — See Robertson v. Stow, 2 N.C. 401; Gregory v. Bray, 1 N.C. 39. The law regulating the mode in which appeals shall be carried from the county to the Superior Court has been altered. 1 Rev. Stat., ch, 4, sec. 3, 4, and 5.